UNITED STATES DISTRICT COURT

DISTRICT OF IDAHO

| | |
|---|---|
| WILLIAM T. M.,<br><br>        Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>        Defendant. | Case No. 1:25-cv-00312-REP<br><br>**MEMORANDUM DECISION AND ORDER** |

Pending is Plaintiff William T. M.'s Complaint (Dkt. 1) appealing the Social Security Administration's denial of his disability claim. This action is brought pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3). The alleged date of onset was February 23, 2023. AR 11. Having carefully considered the record and otherwise being fully advised, the undersigned enters the following Memorandum Decision and Order.

## I.    LEGAL STANDARD

Under 42 U.S.C. § 405(g), the Court may set aside the Commissioner's denial of Social Security benefits if the Administrative Law Judge's ("ALJ") findings are based on legal error or not supported by substantial evidence in the record as a whole. *Revels v. Berryhill,* 874 F.3d 648, 654 (9th Cir. 2017) (internal citations omitted). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill,* 587 U.S. 97, 103 (2019) (internal citations omitted). If the evidence would reasonably support affirming the ALJ's decision, or reversing it, the Court may not substitute its own judgment for the ALJ's. *Ferguson v. O'Malley,* 95 F.4th 1194, 1199 (9th Cir. 2024).

The Court must consider the administrative record as a whole. *Garrison v. Colvin,* 759 F.3d 995, 1009 (9th Cir. 2014). The Court also must weigh both the evidence that supports and evidence that does not support the ALJ's conclusion. *Id.* The Court may not affirm the decision of the ALJ for a reason upon which the ALJ did not rely. *Id.* Rather, only the reasons identified by the ALJ are considered in the scope of the Court's review. *Id.* The Court may determine the ALJ's reasoning by drawing reasonable inferences and determining an implied finding from the record. *Ferguson v. O'Malley,* 95 F. 4th 1194, 1200 (9th Cir. 2024).

## II.    DISCUSSION

The Court first summarizes the ALJ's sequential process analysis. Plaintiff's disability application alleged that he suffered from post-traumatic stress disorder, a traumatic brain injury, chronic heart failure, aneurysms and heart attacks, and other heart-related impairments limiting his ability to work. AR 149. The ALJ found that Plaintiff had the following severe impairments: coronary artery disease; chronic systolic congestive heart failure; ischemic cardiomyopathy; hypertension; hyperlipidemia; and a history of ascending thoracic aortic aneurysm. AR 13. However, the ALJ found that none of these impairments, singly or in combination, met or equaled a listing impairment. AR 15. The ALJ then found that Plaintiff had the residual functional capacity to perform a "full range of light work." AR 16. Then, although the ALJ found that Plaintiff could not perform any of his past relevant work, the ALJ found that he could perform other jobs in the national economy. AR 19. Thus, the ALJ found that Plaintiff was not disabled within the meaning of the Social Security Act and denied his application for benefits. AR 20.

Plaintiff brings three arguments on this appeal: (i) the ALJ erred by failing to identify a medical opinion supporting limitations in his RFC, (ii) the ALJ erred by failing to develop the

record regarding Plaintiff's mental health complaints, and (iii) the ALJ erred by failing to provide clear and convincing reasons to discount his subjective symptom allegations.  Pl.'s Br. at 4 (Dkt. 14).  The Court addresses each in turn.

## A.    The ALJ's RFC Formulation

Plaintiff first argues that the ALJ failed to support his RFC with substantial evidence by failing to identify a medical opinion supporting his RFC.  Pl.'s Br. at 5 (Dkt. 14).  Plaintiff notes that the ALJ credited no medical opinions in his record, but nevertheless determined that Plaintiff was capable of performing a full range of light work.  *Id.*  Thus, Plaintiff argues the ALJ "created the limitations on his own accord after summarizing and interpreting the raw medical evidence in the record."  *Id.* at 7.  In response, Defendant argues that the ALJ was not required to base the RFC finding on any medical opinion, and therefore did not err in arriving at the RFC.  Def.'s Br. at 11 (Dkt. 16).  The Court agrees with Plaintiff that the ALJ committed reversible error here.

### 1.    *Legal Standard*

"A claimant's RFC is what a claimant can still do despite h[er] limitations."  *Moriarty v. Colvin*, Case No. CV 14-6909 RNB, 2015 WL 4397913, at *1 (C.D. Cal. July 17, 2015) (citing *Smolen v. Chater*, 80 F.3d 1273, 1291 (9th Cir. 1996)).  The ALJ bears the responsibility of "translating and incorporating clinical findings into a succinct RFC."  *Rounds v. Comm'r Soc. Sec. Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015); *see also Vertigan v. Halter*, 260 F.3d 1044, 1049 (9th Cir. 2001) ("It is clear that it is the responsibility of the ALJ, not the claimant's physician, to determine residual functional capacity.").  "In determining the RFC, the ALJ must consider all limitations, severe and non-severe, that are credible and supported by substantial

evidence in the record." *Mendoza v. Kijakazi*, Case No. 1:19-cv-1371-HBK, 2022 WL 715096, at *4 (E.D. Cal. Mar. 10, 2022) (citing *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005)).

In this regard, it is the responsibility of the ALJ to evaluate the credibility of the medical evidence. *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002).  In doing so, an ALJ must, by necessity, analyze, assess, and draw conclusions from the available medical evidence. *See Farlow v. Kijakazi*, 53 F.4th 485, 488 (9th Cir. 2022) ("ALJs are, at some level, capable of independently reviewing and forming conclusions about medical evidence to discharge their statutory duty to determine whether a claimant is disabled and cannot work"); *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982) (an ALJ is "is entitled to draw inferences logically flowing from the evidence" and "need not substitute the judgment of expert witnesses for his own").

### 2.    *Analysis*

Here, the ALJ found that Plaintiff "had the residual functional capacity to perform the full range of light work as defined in 20 CFR 404.1567(b)."  AR 16.  The ALJ noted that he had "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence."  *Id.*  The ALJ also noted that he had considered the medical opinions and prior administrative medical findings in Plaintiff's record.  *Id.* However, the state agency medical consultants that reviewed Plaintiff's record opined that there was insufficient evidence to fully evaluate his impairments and corresponding limitations.  AR 56, 67.  The ALJ subsequently explained, in a single sentence, that he had found these prior administrative findings unpersuasive because "the State agency medical consultants found insufficient evidence to evaluate the claimant's symptoms and functioning and did not offer a

medical opinion." AR 18. Thus, the ALJ's RFC discussion neither found persuasive nor discussed in detail any relevant medical opinions.

Nevertheless, the ALJ's RFC analysis proceeded to discuss Plaintiff's medical treatment records. The ALJ noted Plaintiff's heart-related treatment stemming from a myocardial infarction in February 2023. AR 17. The ALJ then analyzed, over five paragraphs, Plaintiff's echocardiogram and CT imaging results, heart flow measurements, and related diagnoses. AR 17-18.

The ALJ concluded:

> Based on the foregoing, the undersigned finds the claimant has the above residual functional capacity assessment, which is supported by reports and testimony of the claimant resuming full time seasonal work with heavy machinery, echocardiograms showing the increasing size of the claimant's ascending aortic aneurysm as well as severely reduced left ventricular systolic function and an LVEF of 25%, treatment report noting subjective complaints of increasing fatigue, and the claimant's testimony regarding his need to take frequent breaks and rest.

*Id.*

Plaintiff asserts that there was no valid medical opinion on which his RFC was based, and that "[o]nce the ALJ determined that Plaintiff's severe impairments were supported by the record, and that the record was sufficient to establish an RFC, the ALJ should have consulted a medical expert for an opinion." Pl.'s Br. at 6 (Dkt. 14). Thus, Plaintiff argues that the ALJ improperly interpreted raw medical data concerning his heart-related impairments to arrive at his RFC. *Id.* The Court agrees.

Defendant correctly notes that an ALJ's RFC need not correspond to or rely on any specific medical opinion. Def.'s Br. at 11 (Dkt. 16) (citing *Rounds*, 807 F.3d at 1006). Similarly, an ALJ is to some degree capable of "independently reviewing and forming

conclusions about medical evidence." *Farlow*, 53 F.4th 488.  However, it is equally clear that an ALJ may not render their own medical opinions or independently assess clinical findings. *Tackett v. Apfel*, 180 F.3d 1094, 1102-03 (9th Cir. 1999).

To this end, district courts within the Ninth Circuit have consistently found that "barring a few exceptions, an ALJ must have a doctor's opinion of a claimant's functional capacity in order for there to be substantial evidence supporting the decisions." *Bradford v. Comm'r of Soc. Sec. Admin.*, 2022 WL 4538569, at *5 (D. Ariz. Aug. 18, 2022); (quoting *Howell v. Kijakazi*, 2022 U.S. Dist. LEXIS 125714, 2022 WL 2759090, at *7 (S.D. Cal. July 14, 2022)); *Walker v. Comm'r of Soc. Sec.*, 2024 WL 64784, at *6 (D. Nev. Jan. 4, 2024) ("While the ALJ 'can pick and choose between opinions expressed by the experts,' when an ALJ decides severity or residual functional capacity 'without the support of any of the medical opinion evidence,' this is error.") (quoting *Holtan v. Kijakazi*, 2023 U.S. Dist. LEXIS 39538, 2023 WL 2424648, at *3 (D. Nev. Mar. 9, 2023)).

Relatedly, district courts within the Ninth Circuit have held that an ALJ, "[i]n determining a plaintiff's RFC limitations, may not rely on [their] own unsupported interpretation of the medical evidence." *Peter B. v. Comm'r, Soc. Sec. Admin.*, 2022 WL 3010162, at *3 (D. Or. July 28, 2022) (quoting *Davis v. Colvin*, 2016 WL 8674265, at *8 (D. Or. Aug. 12, 2016)). Instead, when an ALJ is faced with ambiguous evidence as to a claimant's functional capacity, their duty to develop the record by "conduct[ing] an appropriate inquiry" may be triggered. *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001).  Social security regulations further provide that an ALJ may order consultative examinations "when the evidence as a whole is insufficient to support a determination or decision," including when "additional evidence needed is not contained in the records of [a claimant's] medical sources."  20 C.F.R. § 404.1519a.

Here, the ALJ found that Plaintiff suffered from a range of heart-related severe impairments. AR 13 (finding coronary artery disease; chronic systolic congestive heart failure; ischemic cardiomyopathy; hypertension; hyperlipidemia; and a history of ascending thoracic aortic aneurysm). Then, in formulating Plaintiff's RFC, the ALJ found the findings of the two state agency consultants unpersuasive because they had each found insufficient evidence to evaluate the claimant's symptoms and functioning. AR 18. Thus, the ALJ had no medical opinions before him in the record as to the functional limitations caused by Plaintiff's impairments.

Nevertheless, the ALJ proceeded to analyze highly technical information contained within Plaintiff's medical records, including his echocardiogram and CT scan results, heart-related diagnoses, and flow and stenosis measurements of Plaintiff's heart function. AR 17-18. The ALJ relied on that technical data to determine that Plaintiff could perform a "full range of light work." AR 18 (finding RFC to be supported based on "echocardiograms showing the increasing size of the claimant's ascending aortic aneurysm as well as severely reduced left ventricular systolic function and an LVEF of 25%"). Therefore, the ALJ erred in formulating Plaintiff's RFC in two interrelated respects: (i) improperly determining Plaintiff's RFC without the benefit of any medical opinions, and (ii) relying on his own interpretation of technical medical records to do so. *See, e.g.*, *Lorali N. T. v. Kijakazi*, Case No. 4:22-cv-00234-CWD, 2023 WL 3548221, at *10 (collecting cases finding error in an ALJ's rejection of all medical opinions and subsequent RFC formulation based on own interpretation of the medical record). Accordingly, the Court concludes that the ALJ's RFC was unsupported by substantial evidence.

The ALJ's error was harmful. *Rounds*, 807 F.3d at 1007 (an ALJ's error is harmless only if it is "inconsequential to the ultimate nondisability determination."). Here, the ALJ formulated

an RFC unsupported by substantial evidence that limited Plaintiff to light work with no further limitations.  AR 16.  Had the ALJ formulated the RFC based on an adequate record, Plaintiff's RFC and his resulting disability determination could have been different.  *See, e.g.*, *Clarenda A. S. v. O'Malley*, Case No. 1:24-cv-00127-DKG, 2024 WL 4851214, at *5 (D. Idaho Nov. 21, 2024) (finding harmful error where an ALJ's RFC restricting a plaintiff to light work with additional limitations was unsupported by substantial evidence).  Therefore, the ALJ committed reversible error.[1]

Finally, the Court weighs whether to remand or reverse for an immediate award of benefits.  *Benecke v. Barnhart*, 379 F.4d 587, 595 (9th Cir. 2004) ("the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation."); *Harman v. Apfel*, 211 F.3d 1172, 1175-78 (9th Cir. 2000) (decision to remand is within the Court's discretion).  The decision to remand or reverse for benefits depends on whether there are outstanding issues to resolve and whether it is clear from the record that an ALJ would be required to find a claimant disabled if the evidence were properly evaluated.  *Bunnell v. Barnhart*, 336 F.3d 1112, 1115-16 (9th Cir. 2003).

Here, remand for further proceedings is the appropriate remedy.  As explained above, remand is necessary for the Commissioner to obtain and consider a medical opinion as to the functional limitations caused by Plaintiff's impairments.  However, it is not clear from the record whether Plaintiff is disabled.  Plaintiff has a history of work activity during the period in which he alleges he was disabled.  AR 131; *Burrell v. Colvin*, 775 F.3d 1133, 1141 (9th Cir. 2014)

---

[1] Because remand is warranted on this issue, the Court does not address Plaintiff's other arguments.  *See Hiler v. Astrue*, 687 F.3d 1208, 1212 (9th Cir. 2012).

(mandating remand "when the record as a whole creates serious doubts as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act.").  The Court finds it appropriate to determine Plaintiff's disability status through additional proceedings before an ALJ, who is best positioned to make that determination in the first instance.  *Brown-Hunter v. Colvin*, 806 F.3d 487, 496 (9th Cir. 2015).

### III.    ORDER

Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's Petition for Review (Dkt. 1) is GRANTED, and that this action shall be REMANDED to the Commissioner for further proceedings consistent with this opinion.



DATED:  August 13, 2026

_____
Honorable Raymond E. Patricco
Chief U.S. Magistrate Judge